UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORMAN WAKEFIELD, STEVEN MOORE, BRANDON JOHNSON, and WILLIE DURHAM, JR., Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| *vs.* | ) ) | |
| EMPIRE DISTRIBUTORS, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs Norman Wakefield (hereafter "Mr. Wakefield"), Steven Moore (hereafter "Mr. Moore"), Brandon Johnson (hereafter "Mr. Johnson"), and Willie Durham, Jr. (hereafter "Mr. Durham") (hereinafter collectively referred to as "Plaintiffs") by and through the undersigned counsel and pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* (hereafter "the FLSA"), on behalf of themselves and of a class of similarly situated individuals, bring this Complaint against Defendant Empire Distributors, Inc. (hereafter "Empire") for due but unpaid overtime compensation, liquidated damages, pre-judgment interest and Plaintiffs' costs of litigation including their reasonable

attorneys' fees and for other relief on the grounds set forth as follows:

## JURISDICTION AND VENUE

### 1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 2.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business operations in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

### 3.

Empire employed Mr. Wakefield from in or about October 2011 through the present date in and around Atlanta, Georgia.

### 4.

Empire employed Mr. Wakefield in the furtherance of its commercial business in and around Atlanta, Georgia, in 2011.

5.

Empire employed Mr. Wakefield in the furtherance of its commercial business in and around Atlanta, Georgia, in 2012.

6.

Empire employed Mr. Wakefield in the furtherance of its commercial business in and around Atlanta, Georgia, in 2013.

7.

Empire employed Mr. Wakefield in the furtherance of its commercial business in and around Atlanta, Georgia, in 2014.

8.

Empire employed Mr. Moore from in or about January 2011 through August 2013 in and around Atlanta, Georgia.

9.

Empire employed Mr. Moore in the furtherance of its commercial business in and around Atlanta, Georgia, in 2011.

10.

Empire employed Mr. Moore in the furtherance of its commercial business in and around Atlanta, Georgia, in 2012.

11.

Empire employed Mr. Moore in the furtherance of its commercial business in and around Atlanta, Georgia, in 2013.

12.

Empire employed Mr. Johnson from in or about February 2011 through July 2013 in and around Atlanta, Georgia.

13.

Empire employed Mr. Johnson in the furtherance of its commercial business in and around Atlanta, Georgia, in 2011.

14.

Empire employed Mr. Johnson in the furtherance of their commercial business in and around Atlanta, Georgia, in 2012.

15.

Empire employed Mr. Johnson in the furtherance of its commercial business in and around Atlanta, Georgia, in 2013.

16.

Empire employed Mr. Durham from in or about April 2013 through October 25, 2013 in and around Atlanta, Georgia.

17.

Empire employed Mr. Durham in the furtherance of its commercial business in and around Atlanta, Georgia, in 2013.

18.

Empire is a corporation organized and existing under the laws of the State of Georgia.

19.

Empire may be served with process through its registered agent, John L. Taylor, Jr., 3340 Peachtree Road, NE, Suite 250, Atlanta, Georgia 30326.

20.

During the Relevant Time period, Empire has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

21.

During the Relevant Time period, Empire has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During the Relevant Time period, Empire has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1 )(A).

23.

During the Relevant Time period, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

Empire is subject to the personal jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFFS AND THE CLASS THEY SEEK TO REPRESENT**

25.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Empire who consent to the representation, pursuant to 29 U.S.C. § 216(b).

26.

Plaintiffs' Consent to Be A Plaintiff in this FLSA Action are filed herewith as Exhibit "A".

27.

This action is brought by employees and former employees of Empire on behalf of all current and former employees who were employed by Empire as delivery drivers within the three years immediately preceding the initiation of this action (hereafter "the Relevant Time Period").

28.

In the majority of work weeks within the Relevant Time Period, Empire failed to compensate its delivery drivers at one and one half times their regular rates for work they performed in excess of forty hours in a week as required by the maximum hours provision of the FLSA, 29 U.S.C. §207.

29.

During the Relevant Time Period, Plaintiffs and the class they represent were employees engaged in commerce by providing delivery services to Empire's customers, on behalf of Empire, within the State of Georgia.

30.

During the Relevant Time Period, Plaintiffs and the class they represent never traveled outside of the State of Georgia on behalf of Empire.

31.

During the Relevant Time Period, Plaintiffs and the class they represent were and/or are employed by an enterprise engaged in commerce, as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1 )(A).

32.

During the Relevant Time Period, Plaintiffs and the class they represent

were and/or are an "employee[s]" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

33.

Empire is primarily engaged in the business of providing alcoholic beverages to liquor stores, restaurants, bars and other retail vendors in the Atlanta, Georgia metropolitan area.

34.

In 2011, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

In 2012, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

In 2013, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

In 2014, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During the Relevant Time period, Empire was or is the "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

39.

During the Relevant Time period, Defendant scheduled each delivery driver to work in excess of forty (40) hours per week.

40.

During the Relevant Time period, each delivery driver routinely worked in excess of forty (40) hours per week.

41.

During the Relevant Time period, Plaintiffs and the class they represent were not subject to any exemption from the overtime pay requirements of the FLSA.

42.

During the Relevant Time period, Empire's delivery drivers have failed to meet the requirements for any lawful exemption from application of the maximum hours requirements of the FLSA.

43.

Empire knew or should have known that the Plaintiffs and the class they represent were employees who were covered by the maximum hours provisions of the FLSA.

44.

Upon information and belief, Empire has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime compensation at one and one half times their regular rate.

45.

Empire has failed to compensate Plaintiffs and the class they represent at one and one half times their regular rated for work performed in excess of forty hours per week as required by the FLSA.

46.

Empire has willfully failed to compensate Plaintiffs and the class they represent at one and one half times their regular rated for work performed in excess

of forty hours per week as required by the FLSA.

47.

Empire is liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times the regular rate.

48.

Empire's conduct constitutes willful violations of 29 U.S.C. § 207 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

49.

In addition to backpay and liquidated damages, Defendant is liable to reimburse Plaintiffs for their costs of litigation, including their reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

**FACTUAL ALLEGATIONS REGARDING PLAINTIFF WAKEFIELD**

50.

Mr. Wakefield is a current employee of Empire.

51.

Mr. Wakefield has been employed by Empire from October 2011 through

the present date in and around Atlanta, Georgia.

52.

During the Relevant Time Period, Mr. Wakefield regularly worked on Empire's behalf in excess of forty (40) hours per week.

53.

Empire failed to compensate Mr. Wakefield at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

54.

Empire willfully failed to compensate Mr. Wakefield at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

55.

Empire is liable to Mr. Wakefield for compensation for any and all time worked in excess of forty hours per week at one and one-half times his regular rate.

56.

Empire's conduct constitutes willful violations of 29 U.S.C. § 207 of the FLSA, entitling Mr. Wakefield to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated

damages.

57.

In addition to backpay and liquidated damages, Defendant is liable to reimburse Mr. Wakefield for his costs of litigation, including his reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF MOORE

58.

Mr. Moore is a former employee of Empire.

59.

Mr. Moore was employed by Empire from January 2011 through August 2013 in and around Atlanta, Georgia.

60.

During the Relevant Time Period, Mr. Moore regularly worked on Empire's behalf in excess of forty (40) hours per week.

61.

Empire failed to compensate Mr. Moore at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

62.

Empire willfully failed to compensate Mr. Moore at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

63.

Empire is liable to Mr. Moore for compensation for any and all time worked in excess of forty hours per week at one and one-half times his regular rate.

64.

Empire's conduct constitutes willful violations of 29 U.S.C. § 207 of the FLSA, entitling Mr. Moore to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

65.

In addition to backpay and liquidated damages, Defendant is liable to reimburse Mr. Moore for his costs of litigation, including his reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF JOHNSON

66.

Mr. Johnson is a former employee of Empire.

67.

Mr. Johnson was employed by Empire from February 2011 through July 2013 in and around Atlanta, Georgia.

68.

During the Relevant Time Period, Mr. Johnson regularly worked on Empire's behalf in excess of forty (40) hours per week.

69.

Empire failed to compensate Mr. Johnson at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

70.

Empire willfully failed to compensate Mr. Johnson at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

71.

Empire is liable to Mr. Johnson for compensation for any and all time

worked in excess of forty hours per week at one and one-half times his regular rate.

72.

Empire's conduct constitutes willful violations of 29 U.S.C. § 207 of the FLSA, entitling Mr. Johnson to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

73.

In addition to backpay and liquidated damages, Defendant is liable to reimburse Mr. Johnson for his costs of litigation, including his reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

**FACTUAL ALLEGATIONS REGARDING PLAINTIFF DURHAM**

74.

Mr. Durham is a former employee of Empire.

75.

Mr. Durham was employed by Empire from April 2013 through October 25, 2013 in and around Atlanta, Georgia.

76.

During the Relevant Time Period, Mr. Durham regularly worked on Empire's behalf in excess of forty (40) hours per week.

77.

Empire failed to compensate Mr. Durham at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

78.

Empire willfully failed to compensate Mr. Durham at one and one half times his regular rated for work performed in excess of forty hours per week as required by the FLSA.

79.

Empire is liable to Mr. Durham for compensation for any and all time worked in excess of forty hours per week at one and one-half times his regular rate.

80.

Empire's conduct constitutes willful violations of 29 U.S.C. § 207 of the FLSA, entitling Mr. Durham to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

81.

In addition to backpay and liquidated damages, Defendant is liable to reimburse Mr. Durham for his costs of litigation, including his reasonable

attorneys' fees pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs requests that this Court:

(a)   Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those delivery drivers employed by Empire with the three years immediately preceding initiation of this action who opt to participate by filing proper written notice with the Court;

(b)   Grant a trial by jury as to all matters properly triable to a jury;

(c)   Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Empire has failed to comply with the requirements of the FLSA;

(d)   Award Plaintiffs and the class they represent proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due Plaintiffs and the class members, as required by the FLSA;

(e)   Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(f)   Award Plaintiffs and each member of the class they represent their costs of litigation including their reasonable attorneys' fees and;

(g)   Award any and such other further relief this Court deems just, equitable and proper.


Respectfully submitted,

**DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

_s/ Kevin D. Fitzpatrick, Jr._
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

_s/ Charles R. Bridgers_
Charles R. Bridgers
Georgia Bar No.080791

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFFS